# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| OAKRIDGE PROPERTIES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:22-CV-03013-MDH |
| ALEXANDER WALKER and JONAS CHANG, | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff Oakridge Properties' ("Oakridge") Motion to Remand. (Doc. 7). Defendants did not respond to this motion, though Defendant Walker filed a "Notice of Settlement" (Doc. 10) that suggests he wishes to drop the counterclaim at issue in the Motion at hand. Despite the ambiguity of the "Notice of Settlement", the Court finds that remand to state court is appropriate in this case regardless. For the reasons set forth herein, Plaintiff's Motion to Remand (Doc. 7) is **GRANTED**.

The underlying cause of action here is a state rent and possession action filed in state court by Plaintiff pursuant to Mo. Rev. Stat. s. 535.010. Defendants filed a Notice of Removal with the Circuit Clerk of Greene County, Missouri, claiming that the action arises under federal law due to allegations in Defendants' counterclaims that Plaintiff violated Defendants' rights under several federal statutes including the Civil Rights Act.

"Pursuant to 28 U.S.C. s. 1441(a), an action originally filed in state court may be removed to federal court where the federal district court has original jurisdiction over the case." *Williams v. Wells Fargo Bank, Nat. Ass'n*, 9 F. Supp. 3d 1080, 1084 (W.D. Mo. 2014). "A motion to remand functionally challenges the removal of the action to federal court, and if it appears that the case

1

was not properly removed the district court must remand the case to the state court from which it was removed." *Id*. The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction.

Defendants contend that removal was proper here because Defendants' counterclaims arise under federal law and so this Court has federal question jurisdiction over the instant case. *See* 28 U.S.C. s. 1331. When evaluating whether federal question jurisdiction exists, federal courts utilize the "well-pleaded complaint rule" and look only at the face of the complaint. *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000) (citing *Caterpiller Inc. v. Williams*, 482 U.S. 386, 392 (1986)). "When a complaint asserts only state law claims, the case cannot be removed to federal court based on either a counterclaim or an anticipated defense that arise under federal law." *State of Missouri et al., Tomas Caesar Popson*, 2021 WL 5546461 at *4 (W.D. Mo. 2021).

Accordingly, Defendants' assertion that their counterclaims provide this Court with appropriate jurisdiction are meritless. There is no argument that the underlying rent and possession action filed by Plaintiff does not give this Court jurisdiction over the instant case. Therefore, Plaintiff's Motion to Remand (Doc. 7) is **GRANTED**. It is **ORDERED** that the above-captioned case be remanded to the Circuit Court of Greene County, Missouri for further proceedings.

**IT IS SO ORDERED.**

Dated: May 17, 2022  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**